# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

BALLER ALERT, INC.,

    Plaintiff,

vs.

UNDER ARMOUR, INC.,

    Defendant.

Civil Action No: 1:19-cv-02798-PAE

## [Proposed] Stipulated Protective Order

The following order shall govern the production or provision of confidential information or things in this case for the purpose of responding to discovery requests or inquiries (to include but not be limited to interrogatories, requests for document production, requests for admissions, responses to subpoenas duces tecum, and deposition transcripts) and preparation for trial. Pursuant to this order the parties have the power to designate certain information as "Confidential Information." "Confidential Information" is herein described and defined as "Confidential" or "Confidential – For Trial Counsel Only." The parties shall designate information as "Confidential Information" only in good faith and not as a mechanism to inhibit or complicate discovery.

### Definitions

1.     "Non-Privileged Information," as used herein, shall refer to all information which is not subject to a good faith and justifiable claim of privilege, whether it be the attorney-client privilege or work product.

2. "Confidential Information" as used herein means any type or classification of information which is designated (pursuant to the conditions herein) by the supplying party in good faith as "Confidential;" or "Confidential – For Trial Counsel Only," whether it be confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer or otherwise, and physical exhibits. In the case of paper documents or documents produced electronically in PDF or TIFF format, the designation shall appear on every page that is deemed confidential. In the case of electronic documents not produced in PDF or TIFF format, the designation shall appear on the disk containing the documents. In the case of all other Confidential Information, the designation shall appear prominently on the Confidential Information or designated by prior written letter between counsel if pertinent to a tangible object (such as a machine or subcomponent thereof). Specifically, "Confidential Information" shall refer to trade secrets, or other confidential research, development, or commercial information such as contemplated by Fed.R.Civ.P. 26(c) and case law decided thereunder, and also shall include information not generally disseminated or available to the public, information to which free access is not available to the public, information to which only limited access is permitted to employees of the supplying party, and/or information of which dissemination or disclosure would present a real or potential threat to the economic security of the supplying party.

3. "Supplying party," "designating party," and "producing party" are used interchangeably herein, and refer to the party making information (confidential and/or non-privileged) available.

4. "Qualified Person" as used herein means:

(a) Attorneys of record in this proceeding and any associated counsel and employees of such attorneys and counsel;

(b) Any other outside attorneys retained by any of the parties to render advice to or represent the party in this lawsuit, who have signed a Confidentiality Statement in the form of Exhibit A, which is attached hereto ("Exhibit A"). Outside attorneys include foreign lawyers, and their legal support personnel (e.g., secretaries, paralegals, and clerks), such support personnel not being required to sign Exhibit A as long as the outside lawyers sign Exhibit A. In-house counsel shall be included in this Section 4(b);

(c) Any person hired by a party or its attorneys of record in this proceeding as an "independent expert," who is not a competitor, employed by a competitor, or an agent of a competitor of the supplying party, and who is not employed by or currently associated with either party (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign Exhibit A.

(d) The named parties in this litigation, including officers, employees, and in-house counsel of corporate parties who are actively engaged in assisting such counsel in this action.

(e) Court reporter(s) used in this action who are not direct employees of either of the parties;

(f) ~~Translation, photocopy, document imaging and database services, and consultants~~ retained by counsel to copy documents, prepare court exhibits, or translate

documents; and/or to set up, maintain, and/or operate computer systems, litigation databases, or to convert data for inclusion in such databases;

(g) The Court, any juror, or any other entity authorized by the Court or required by law;

(h) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Statement in the form of Exhibit A.

(i) Notwithstanding anything to the contrary in this Agreement, a copy of the signed Confidentiality Statement must be served on the supplying party within two (2) days of execution.

## "CONFIDENTIAL" Designation

5. Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production. If the information is produced in the form of computer disks, video tapes, or other tangible things in electronic, magnetic, or other form, each such item produced shall bear a unique identifying number. If a hard copy document is created from the electronic media produced, the hard copy document shall contain the bates number and confidentiality label. Marking of the documents and things shall be substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

6. Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party, the present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Subject to Protective Order" and is subject to the provisions of this Order; or (b) following the procedure set forth in paragraph 20 below.

7. Any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons.

### "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" Designation

8. The use of any particularly sensitive information, including financial information (including sales data), the identification of actual or potential customers and sales representatives, employee Social Security numbers, home addresses, salaries or other such private information, and future marketing and sales plans, which has been designated as "Confidential" pursuant to the terms of this Protective Order, may be further restricted by the additional designation of such information as "Trial Counsel Only" or "Attorney's Eyes Only," which are used interchangeably in this Protective Order. It shall be assumed that, other than the particularly sensitive information examples list in the prior sentence, no other information shall be given this very restrictive "Trial Counsel Only" designation absent justification by the

producing party. Except as otherwise agreed to by the parties, or ordered by the Court, all "Qualified Persons" defined in Paragraph 4, supra, except those identified in Paragraph 4(d), (i.e., officers and employees of the receiving party) shall have access to information designated "Confidential – For Trial Counsel Only."

9. Documents and things produced which contain particularly sensitive information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL – FOR TRIAL COUNSEL ONLY"

or

"CONFIDENTIAL – ATTORNEY'S EYES ONLY"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

10. Information disclosed at the deposition (as well as resulting deposition transcripts and exhibits) of a party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of Confidential Information of a party, may be designated as Confidential – For Trial Counsel Only by: (a) indicating on the record at the deposition that the testimony is Confidential – For Trial Counsel Only and is subject to the provisions of this Order; or (b) following the procedure set forth in paragraph 19 below.

11. The designating party shall have the right to have all persons, except the witness, attorneys of record for named parties, members of such attorneys' regularly employed office staffs as are necessary for the conduct of this case, the court reporter (and video reporter),

translators, and counsel for the witness excluded from the room before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" subject to this Order.

Provisions Applicable to Confidential Information

12. Except as set forth herein, documents produced which are subject to claims of Confidentiality, or Confidential – For Trial Counsel Only as set forth herein shall be so designated at the time of furnishing to prevent dissemination or disclosure.

13. In designating information as Confidential, or Confidential – For Trial Counsel Only the designating party will make such designation only as to those documents or that information which the party in good faith believes contains Confidential Information and when using the designation Confidential – For Trial Counsel Only, which party in good faith further believes contains Confidential Information of a particularly sensitive nature. In the event that the party receiving information designated as Confidential, or Confidential – For Trial Counsel Only objects to such designation, that party shall notify the designating party in writing as to the specific objections, itemizing them with particularity, along with the basis (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve their differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest. In the event that the parties are not able to reach an agreement under this provision, the documents in question shall be the subject of review by the Court or magistrate. The designating party shall bear the burden of proving that such requested designations are appropriate and shall file a motion for such designation within five (5) business days of the parties' meet and confer conference.

-6-

14. Confidential Information shall not be made available by the receiving party to those Qualified Persons identified in Paragraphs 4(c) and (d) above until said Person execute the Confidentiality Statement found attached as Exhibit A. The executed Confidentiality Statement must be supplied to the supplying party within two (2) days of execution.

15. Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee, former employee, agent or expert of the producing party, or any person who authored or was a prior recipient of the Confidential Information.

16. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, or if the Court, after notice to all parties, and subject to all parties appellate rights, orders such disclosure. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate. This Order shall not restrict the disclosure of material that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure, through no fault of the receiving party; (c) was received from a third party who was under no obligation of confidentiality to the producing party; or (d) is derived or obtained independently of the disclosure, any of which the receiving party shall have the burden of proving.

17. ~~Subject to the provisions of paragraph 20, no party shall be responsible to another~~ party for any use made of information produced and not designated as Confidential Information.

18. **ANY INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION, I.E., "CONFIDENTIAL" OR "CONFIDENTIAL - FOR TRIAL COUNSEL ONLY," THE INFORMATION CONTAINED THEREIN, AND ANY SUMMARIES, COPIES, ABSTRACTS, OR OTHER DOCUMENTS DERIVED IN WHOLE OR IN PART FROM THE MATERIAL SO DESIGNATED SHALL NOT BE USED BY THE OTHER PARTY FOR ANY PURPOSE OTHER THAN IN CONNECTION WITH ADVANCING THIS PROCEEDING, OR ANY OTHER U.S. OR FOREIGN LITIGATION, OR CONSIDERATION OF FUTURE LITIGATION BETWEEN THE PARTIES IN THE PRESENT LAWSUIT.**

19. In addition to previous provisions herein relating to Confidential Information disclosed at a deposition, all depositions shall be treated as Confidential Information for a period of one month after a full complete transcript of said deposition is available, during which period counsel for any party believing the deposition to contain Confidential Information not already designated on the record, shall so designate such portions, by page and line numbers, in a writing served upon counsel for the opposing party. Such designated portions shall be treated in accordance with the provisions herein for said Confidential Information. The time period set forth in this paragraph may be shortened or enlarged by written consent of the parties.

20. The inadvertent or unintentional disclosure by a supplying party to the receiving party of Confidential Information, regardless of whether the information was so designated at the time, will not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, a party who inadvertently or unintentionally discloses

its Confidential Information, shall, within three (3) working days from the date of discovery of such inadvertent or unintentional disclosure, designate such Confidential Information appropriately, notifying the opposing party of the same in writing, along with a written explanation as to the circumstances concerning the inadvertent or unintentional disclosure, and its discovery, including the date. Any party who inadvertently or unintentionally discloses the other's Confidential Information, after it is so designated, shall make every reasonable and prompt effort to prevent any further disclosure by it or by the person who was the recipient of such Confidential Information, however, such efforts shall not relieve the inadvertently disclosing party of any liability for violating this Protective Order. The designated information shall thereafter be treated subject to its designation.

21. Discovery of non-parties or third parties to this action may involve receipt of information, documents, objects, or testimony that includes or contains Confidential Information. A non-party producing such materials in this case may designate as Confidential Information some or all of the materials it produces in the same manner as provided for in this Protective Order with respect to the parties. All documents or other materials produced by non-parties may be designated as Confidential Information. Any party also may designate as Confidential Information any other documents, objects, or other materials which have been furnished by a non-party and which constitute Confidential Information, whether or not the non-party has also so designated them. Non-party materials designated as Confidential Information by a non-party or a party shall be governed by the terms of this Protective Order.

22. During the course of this action, a party may be requested to produce to another party, documents, information, or things subject to contractual or other obligations or

confidentiality owed to a non-party by the requesting party. The party subject to this contractual or other obligation of confidentiality shall promptly contact the non-party to determine whether such non-party will agree to the production of such materials subject to the terms of this order. If the non-party so agrees in writing, the other party in the litigation shall be notified, and the documents, information, or things shall be produced in accordance with this order. If the non-party will not agree to the production of the materials, then any documents, information, or things withheld on the basis of this contractual or other confidentiality obligation shall be identified on a separate index describing such withheld items. The non-party will have the right to appear and be heard on any motion brought to compel the production of such materials, and any such materials ordered to be produced shall be governed by the terms of this Protective Order.

23. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

24. Any party wishing to file Confidential Information as an exhibit or incorporate Confidential Information in a pleading, brief, or other material submitted to the Court, the submitting party shall follow the procedures set forth in Individual Rules and Practices in Civil cases of the Honorable Paul A. Engelmayer (the "Individual Rules"). On application of a party, and provided the unredacted papers are timely served on the party's adversary, the Court will deem papers filed on the date the party delivers them to Chambers for review of proposed redactions as set forth in the Individual Rules. All discovery and any other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which

include or incorporate Confidential Information shall be filed and kept by the Court in sealed envelopes, other appropriately sealed containers, or electronically sealed, on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "Confidential," and a statement substantially in the following form:

> "This envelope (container) contains documents (objects) subject to the protective order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court."

No such sealed documents or objects shall be opened except upon further order of the Court granted pursuant to motion made upon written notice to counsel of record for all named parties and to counsel for the designating party. Such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access.

25. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in Court in this proceeding which have been designated, in whole or in part, as Confidential Information by a party to this action. It shall be the responsibility of the party claiming the Confidential status to obtain court compliance with this paragraph.

    (a) Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence advises the other party of the confidential nature of the information prior to its offer. Without limiting the manner in which such notice may be provided, the inclusion of Confidential Information in a trial exhibit list or

deposition designations for trial shall constitute notice under this paragraph. Any party may move the Court for an order that the evidence be reviewed *in camera* or under other circumstances to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded such information at the trial or hearing.

(b) In the event that any Confidential Information is used in any Court proceeding in this action, it shall not by such use lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

(c) This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted. Any such request must specifically and in detail identify the document or information at issue. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

26. Within two months after the conclusion of the trial and any appeals taken in this proceeding, all originals or reproductions of any documents produced by a party containing Confidential Information shall be returned to the producing party or destroyed, at the receiving party's sole discretion. A verified statement regarding the destruction of Confidential Information must be provided to the producing party by counsel of the party who destroys the same upon written request for the same. Insofar as the provisions of any protective orders

entered in this action apply to restrict the trial of this action or apply to the communication and use of the Confidential Information produced hereunder, such orders shall continue to be binding for a period of five (5) years after the conclusion of this proceeding, except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless the exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this protective order or portions thereof. Trial counsel for the parties may retain such confidential information as is necessary to have an accurate and complete record of the lawsuit including, at least, work copies of documents, pleadings, depositions, trial testimony, admissions and answer to interrogatories.

27. Documents produced by one party which originated with the other, or which the other has a possessory or ownership interest (in the documents or in the information in the documents) may be designated by the other according to this Protective Order and shall be treated by the parties according to this Protective Order.

28. The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate discovery and the preparation of this action for trial of this action, and treatment of such material by counsel for the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

Privilege Log

29. A privilege log shall be provided by the party answering Request for Production when the answers to the Request for Production under Fed. R. Civ. P. 34 are due, unless otherwise agreed by the propounding and answering parties.

30. Only privileged documents and things dated prior to the filing of the initial Complaint by the Plaintiffs need to be listed on the privilege log, absent the assertion of privilege thereafter in response to a very specific and narrow request by the propounding party.

31. An action for contempt arising out of any violation of this Order may be brought in United States District Court for this district.

32. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

33. This Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

SO ORDERED.

Dated:

~~Honorable Paul A. Engelmayer~~
~~United States District Judge, S.D.N.Y.~~
Hon. Ona T. Wang        1/23/20
U.S. Magistrate Judge

APPROVED FOR ENTRY:

By signing this Protective Order, all counsel of record hereto warrant that they are authorized by their respective clients to sign on behalf of and to bind at client to the terms hereof.

HARNESS, DICKEY & PIERCE, P.L.C          LAW OFFICES OF JAMES E. MCMILLAN, P.C.

By: _____           By: _____

-14-

George D. Moustakas

Date: 1/21/20

George D. Moustakas, *pro hac vice*
Jessica S. Sachs, *pro hac vice*
5445 Corporate Drive, Ste. 200
Troy, MI 48098
gdmoustakas@hdp.com
jsachs@hdp.com
(248) 641-1600

OLSHAN FROME WOLOSKY LLP

By: _____
Brian A. Katz

Date: 1/21/20

Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019
bkatz@olshanlaw.com
212-451-2300
212-451-2222 (fax)

*Attorneys for Defendant Under Armour, Inc.*

Douglas Doneson

Date: 1/21/2020

Douglas K. Doneson
James E. McMillan
1 Little West 12th, Street
New York, N.Y. 10014
Douglas.doneson@jempc.com
James.mcmillan@jempc.com
Phone: (212) 986-6262

*Attorneys for Plaintiff Baller Alert, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALLER ALERT, INC., | Civil Action No: 1:19-cv-02798-PAE |
| Plaintiff, | **CONFIDENTIALITY STATEMENT** |
| vs. | |
| UNDER ARMOUR, INC., | |
| Defendant. | |

I, _____, hereby declare that:

1. My address is _____
   _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

In the last ten (10) years, I have/have not (circle one) worked for Under Armour, Inc. or Baller Alert, Inc., or their affiliates, as an officer or employee. If I am being used or considered as an Expert Witness in this lawsuit, then my current curriculum vitae is attached.

4. I have carefully read and understand the provisions of the Protective Order entered in this lawsuit.

5. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance summaries, abstracts or indices of Confidential Information disclosed to me.

7. I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise designated as a Qualified Person pursuant to the Protective Order.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____

_____
Signature

Printed Name:_____